# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00445-CV

**Roberta Porch, Individually and as Surviving Spouse and
heir to the Estate of Reginald Porch, Appellant**

**v.**

**Daimler Trucks North America, LLC, d/b/a Freightliner Truck, Appellee**

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-14-005360, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Roberta Porch seeks to appeal a final judgment signed by the trial court on May 11, 2020. Because Porch timely filed a motion for new trial, the deadline for her to perfect her appeal by filing a notice of appeal in this Court was August 10, 2020. *See* Tex. R. App. P. 26.1(a) (providing that notice of appeal must be filed within 90 days after judgment is signed when party timely files motion for new trial). Porch did not file her notice of appeal until September 4, 2020.

Recognizing that her notice of appeal appears to be untimely, Porch has now filed a motion requesting that we extend the deadline for filing her notice of appeal by 26 days, until September 4. The motion is opposed by the appellee, Daimler Trucks North America, LLC, who points out that under the rules of appellate procedure, the deadline for Porch to file a motion for extension of time was August 25, 2020, and that she did not file her motion for extension of time

until September 14, 2020. *See* Tex. R. App. P. 26.3 (notice-of-appeal deadline may be extended if, within 15 days after deadline, appellant files notice of appeal in trial court and files proper motion for extension of time in appellate court). In addition, because Porch did not file her notice of appeal until after August 25, the notice of appeal itself cannot serve as an implied motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997) (explaining that motion for extension of time under Rule 26.3 is implied when notice of appeal is filed within 15-day extension period).

In response, Porch does not dispute that her motion for extension of time is untimely under the rules of appellate procedure. Instead, Porch argues that independent of the rules of appellate procedure, the Texas Supreme Court has granted appellate courts the authority to extend appellate deadlines, including the filing of a notice of appeal. In support of this argument, Porch relies on the Texas Supreme Court's *Twenty-Second Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9095 (Tex. August 6, 2020) (available at https://www.txcourts.gov/supreme/administrative-orders) (extending expiration of prior relevant orders to September 30, 2020). That emergency order provides, in relevant part, that:

1. Governor Abbott has declared a state of disaster in all 254 counties in the State of Texas in response to the imminent threat of the COVID-19 pandemic. This order is issued pursuant to Section 22.0035(b) of the Texas Government Code.

2. Subject only to constitutional limitations, **all courts in Texas may in any case**, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:

   a. **Modify or suspend any and all deadlines and procedures**, whether prescribed by statute, rule, or order, for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted . . . .

*Id.* (emphasis added).  Unlike the prior COVID-19-related emergency orders issued by the Texas Supreme Court, the Twenty-Second Emergency Order does not include or incorporate language automatically extending "any deadline for the filing of" civil cases but excluding "deadlines for perfecting appeal or for other appellate proceedings, requests for relief from which should be directed to the court involved and should be generously granted."  *See, e.g.*, *Eighteenth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9080 (Tex. June 29, 2020) (available at https://www.txcourts.gov/supreme/administrative-orders).

Assuming without deciding that the Twenty-Second Emergency Order grants this Court the discretion to extend appellate deadlines, as Porch suggests, we decline to exercise our discretion to do so in this case.  *See Jones v. White*, No. 02-20-00198-CV, 2020 Tex. App. LEXIS 7716, at *2 (Tex. App.—Fort Worth Sept. 24, 2020, no pet. h.) (concluding that Twenty-Second Emergency Order gives appellate courts discretion to modify or suspend appellate deadlines).  In her motion for extension of time, Porch explains that she did not file her notice of appeal until September 4 because "[her] counsel has been faced with working under the restrictions imposed by the state, county, and city orders related to the current public health crisis.  In addition, . . . there was a delay in [Daimler Truck's] receiving the trial transcript from the court reporter, whereby delaying [its] ability to respond to the motion for new trial and therefore, the hearing on the motion for new trial occurred after the date to perfect appeal." Similarly, in her reply to Daimler Truck's response to her motion, Porch argues that COVID-19 has "greatly affected" appellant's counsel, including "restrictive office hours, a reduction in staff, and a reduction of personnel available to work on all legal matters for all clients."  Based on Porch's stated reasons for her delay, we cannot conclude that her failure to timely file her notice of appeal or her motion for extension of time is due to the COVID-19 public-health crisis.  *See*

3

*id.* ("[T]he fact of the pandemic, standing alone, is not a reasonable explanation for a missed appellate deadline.").

Porch's motion for extension of time to file her notice of appeal is denied. Because a late-filed notice of appeal does not confer jurisdiction on this Court, we dismiss the appeal for want of jurisdiction. *See In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding) (explaining that requirement of timely notice of appeal is jurisdictional).


_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Baker and Kelly

Dismissed for Want of Jurisdiction

Filed:   December 3, 2020

4